IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

F I L E D

DEC 2 4 2008

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:08cv1311 (AJT/JFA) |
| | ) | |
| MICROSEMI CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER TO PRESERVE AND MAINTAIN ASSETS

1.      Plaintiff United States filed a complaint on December 18, 2008, alleging that Defendant Microsemi Corporation's ("Microsemi") acquisition of substantially all of the assets of Semicoa, Inc. ("Semicoa") violated Section 7 of the Clayton Act, 15 U.S.C. § 18, and Section 2 of the Sherman Act, 15 U.S.C. § 2.

2.      Plaintiff seeks preliminary and permanent equitable and other relief to remedy the alleged harm to competition, including the divestiture of the acquired assets.

3.      Defendant Microsemi has agreed to preserve and maintain the assets it acquired from Semicoa pending a resolution on the merits of this action.

4.      Microsemi agrees to this Order.

WHEREFORE, for good cause shown, it is hereby ORDERED:

For the purposes of this Order, the following definitions shall apply:

A.      "Microsemi" means Defendant Microsemi Corporation, a Delaware corporation with its headquarters in Irvine, CA, its successors and assigns, and its subsidiaries, divisions,

groups, affiliates, partnerships and joint ventures, and their directors, officers, managers, agents, and employees.

B.      "Semicoa" means Semicoa, Inc., a California corporation with its headquarters in Costa Mesa, CA, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships and joint ventures, and their directors, officers, managers, agents, and employees.

C.      "Semicoa Assets" means all assets acquired by Microsemi from Semicoa on July 14, 2008, including but not limited to:

> (1)    all specifications, manufacturing plans, assembly instructions, standard operating procedures, and work instructions related to the manufacturing process, including all right, title and interest in or to all other assets of every kind and nature used or intended to be used in the operation of Semicoa's business, including, but not limited to, any finished or unfinished devices, any materials, data or know-how wherever found or of whatever kind reasonably required to manufacture and sell the goods and services previously produced by Semicoa as well as all books and records, and all files, documents, papers and agreements that are material to the continuing operation of Semicoa's business;

> (2)    all finished goods, works in progress, piece parts and materials inventory, packaging, and labels, supplies and other related personal property;

> (3)    all equipment, machinery or software used in the development, design, manufacturing and testing of goods previously manufactured by Semicoa;

> (4)    all right, title and interest in, and all information related to, any tooling, molds, equipment and proprietary specifications Semicoa previously had

with any and all vendors from which Semicoa purchased goods or services, whether or not there are any "open" purchase orders issued to such vendors, as well as names and other information concerning any vendor that provides goods or services that were material to the operation of Semicoa's business;

(5)   any list of customers to which Semicoa previously sold products or provided services over the three years prior to July 14, 2008, whether or not there are any "open" sales orders from such customers;

(6)   all sales, marketing and promotional literature, cost and pricing data, promotion list, marketing data and other compilations of names and requirements, customer lists and other sales-related materials;

(7)   all intellectual property ("IP") assets or rights that have been used in the development, production, servicing, and sale of transistors and diodes, including but not limited to:  all licenses, rights, and sublicenses, trademarks, trade names, service marks, service names, technical information, computer software and related documentation, know-how, trade secrets, approvals, certifications, advertising literature, and all manuals and technical information provided to the employees, customers, suppliers, agents, or licensees of Semicoa and used in connection with the development, design, manufacture, testing, markets, sale or distribution of transistors or diodes;

(8)   all rights under all contracts, licenses, sublicenses, agreements, leases, building leases, commitments, purchase orders, bids and offers; and

3

(9)     all rights acquired pursuant to municipal, state and federal franchises, permits, licenses, agreements, waivers and authorizations.

It is FURTHER ORDERED that:

A.     Microsemi, and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Microsemi who receive actual notice of this Order by personal service or otherwise, are hereby ordered to preserve and maintain the Semicoa Assets, and are restrained from

1.     licensing or encumbering any such asset;

2.     removing, selling, leasing, assigning, transferring, pledging, or otherwise disposing of any such asset, other than in the ordinary course of business;

3.     transferring or reassigning to other facilities of Microsemi, or dismissing except for cause, employees previously employed by Semicoa;

4.     idling any fabrication, assembly or testing lines (or equipment comprising those lines) other than in the ordinary course of business;

or causing or assisting others in carrying out any of these prohibited activities.

B.     Microsemi, and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Microsemi who receive actual notice of this Order by personal service or otherwise, are hereby ordered

1.     to provide the United States ten (10) days' advance notice of any dismissal of an employee of the Semicoa Assets;

2.     to take all commercially reasonable steps necessary to ensure that the Semicoa Assets are fully maintained in an operable condition and to maintain and adhere to normal repair and maintenance schedules for the Semicoa Assets; and

4

3.      to take all commercially reasonable steps necessary to ensure that the Semicoa

Assets retain all regulatory approvals, including but not limited to certifications

and qualifications granted by the Defense Supply Center Columbus.

C.      Microsemi is hereby ordered to appoint a person or persons to oversee the

Semicoa Assets who will be responsible for Microsemi's compliance with this Order and shall

have complete managerial responsibility for such assets.

D.      Nothing in this Order shall be deemed a consent by Microsemi to jurisdiction and

venue of this Court for purposes of resolving the complaint or a waiver of Microsemi's rights to

bring any motion to dismiss based on jurisdiction or venue or any motion to transfer venue.

E.      This Order shall not expire until Judgment is entered in this matter and any

appeals are final.

F.      This Order is without prejudice to the United States seeking additional relief at

any time pending a final determination of the merits.

SO ORDERED, this 24th day of December, 2008.

The Clerk is directed to forward copies of this Order to all counsel of record.

_____/s/_____
Anthony J. Trenga
United States District Judge


Alexandria, Virginia
December 24, 2008